IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | CASE NO. 8:03CR484 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROY WOOD, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant, Roy Wood's, Motion to Proceed In Forma Pauperis (IFP). (Filing No. 69). Upon review of defendant's inmate trust account statement, this motion is granted. However, in his motion he states he is filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) and requests copies of the plea and sentencing transcripts, although there is no § 2255 motion accompanying defendant's motion for IFP.

28 U.S.C. § 2250 contemplates the filing of a motion for collateral review of a conviction and a motion for leave to proceed in forma pauperis **before** free copies of the record or parts of the record may be furnished to the moving party. Section 2250 states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

See also Chapman v. U.S. 55 F.3d 390, 390-91 (8th Cir. 1995):

> We held in United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979) (*per curiam*), that under 28 U.S.C. § 753(f) and under Supreme Court authority "any request for a free transcript prior to the filing of a section 2255 complaint is premature." We also held that under section 753(b), access to materials such as a transcript is not constitutionally required until after judicial

certification that access is required to decide issues presented in a pending, non-frivolous case. Id. at 353. The district court correctly held that [the defendant] was not entitled to copies of transcripts at government expense in advance of filing suit.

Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides funds for a transcript if the defendant qualifies. "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Id.

Therefore, before requesting copies of the transcripts defendant must file a § 2255 motion with the court before the expiration of the one-year statute of limitations.

IT IS ORDERED:

1. That defendant's Motion to Proceed IFP (Filing No. 69) is granted;

2. Defendant's request for transcripts is denied; and

3. The Clerk of Court is directed to send a copy of the Memorandum and Order to defendant at his last known address.

DATED this 6th day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge