IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:03CR484 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROY L. WOOD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 72) filed by the Defendant, Roy L. Wood.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Defendant pleaded guilty to Count I of an Information charging him with conspiracy to distribute and possess with intent to distribute at least 50 but less than 500 grams of methamphetamine.  He was sentenced to 97 months imprisonment.  In arguing Wood's direct appeal, defense counsel argued the case in a brief submitted under *Anders v. California,* 386 U.S. 738 (1967) and was granted leave to withdraw.  The Eighth Circuit denied the appeal in a per curiam opinion.

In his § 2255 motion, Wood raises the following issues: 1) he should have received a downward adjustment for a minor role; 2) his criminal history was overstated; 3) his attorney inaccurately stated to him that the government would recommend a sentence at

the low end of the sentencing guideline range; and 4) the PSR reflected an inaccurately high drug quantity.

### *Ground One: Minor Role*

The plea agreement provides that "[t]he parties agree that the defendant's role in the offense qualifies as neither aggravating nor mitigating pursuant to U.S.S.G. § 3B1.1 and 3B1.2 respectively." (Filing No. 37.) Therefore, the argument that he is entitled to a minor role in the offense is precluded by his plea agreement, and this claim is denied.

### *Ground Two: Overstatement of Criminal History*

The Defendant was assigned a criminal history category of II. His criminal convictions include 2002 convictions for aggravated assault (amended from attempted murder) and willful injury. Wood was sentenced to 5 years and 2 years imprisonment, respectively, for those charges, which resulted from a violent shooting incident. (PSR, ¶ 45.) Additionally, the PSR reflects 4 dismissed and 2 pending charges. Those charges include both violent and drug charges. The Defendant never filed a motion for downward departure based on overstatement of criminal history. Even if such a motion had been filed, the Court would have denied the motion in light of his criminal history. The claim is denied.

### *Ground Three: Defense Counsel's Statements Regarding Potential Sentence*

The Defendant argues that his attorney represented to him that the government would recommend a sentence at the low end of the sentencing guideline range. The plea agreement did not include a government recommendation as to sentence. The agreement included a paragraph stating that "[n]o promises, agreements, or conditions have been

entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties." (Filing No. 37, ¶ 14.) No additional written agreements were filed. At the change of plea hearing, the Defendant stated under oath that he understood that the sentencing judge had the discretion to impose a sentence different from the sentence envisioned by the Defendant or defense counsel. (Filing No. 40, at 11.) The argument is without merit and is denied.

### *Ground Four: Drug Quantity*

The plea agreement reflect3d the parties' agreement that the Defendant be held responsible beyond a reasonable doubt for at least 350 but less than 500 grams of a substance containing methamphetamine and that his base offense level was 30. (Filing No. 37, ¶ 5.) The PSR assigned a base level of 30 based on 477.25 grams of methamphetamine. (PSR, ¶ 33.) The argument is precluded by the plea agreement and is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 72);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 72) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4.     The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 14th day of May, 2007.

                                                     BY THE COURT:

                                                     s/Laurie Smith Camp  
                                                     United States District Judge